Richard Johnston - SBN 124524
131-A Stony Circle, Suite 500
Santa Rosa, California 95401
Telephone (707) 577-7422
Facsimile (707) 837-9532

Attorney for Plaintiff
Errol Holmes

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERROL HOLMES, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| SHELL LONG TERM DISABILITY PLAN, | |
| Defendant. | |

Plaintiff Errol Holmes alleges:

## Jurisdiction and Venue

**1.** This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §1001 *et seq.* (ERISA) and more particularly 29 USC §§1132(a)(1)(B) and 1132(g). This court has jurisdiction in this matter under 29 USC §1132(e) and 28 USC §1367(a). At relevant times, Mr. Holmes resided in Santa Rosa, California, and the performance of various of defendant's obligations, which obligations defendant failed and refused to perform as herein alleged, was due at that location.

//

//

_____
COMPLAINT

**Factual Background**

**2.**     Mr. Holmes, at relevant times, was an employee of Shell Oil Company. As a function of this employment, Mr. Holmes was and is a qualified participant in and beneficiary of defendant Shell Long Term Disability Plan ("the Plan"), which was established and maintained by Shell for and on behalf of certain of its employees. The Plan was funded through the purchase by Shell of a group long term disability insurance policy issued by Metropolitan Life Insurance Company ("MetLife"); the policy is referred to herein as the "MetLife policy." MetLife was designated in the Plan as claims administrator. The Plan was and is an employee benefit plan as defined by 29 USC §1002(3).

**3.**     Mr. Holmes currently suffers, and has suffered at relevant times, from psychiatric conditions including affective mood disorder and anxiety disorder. His condition has rendered him disabled according to the terms of the MetLife policy and thereby eligible for benefits under the Plan.

**4.**     Mr. Holmes' disability commenced January 1, 2005, the date he stopped working at Shell's facility due to his psychiatric condition. In October 2005, Mr. Holmes submitted a claim for long term disability (LTD) benefits in accordance with the terms of the Plan and the MetLife policy.

**5.**     On October 12, 2005, MetLife wrote to Mr. Holmes, acknowledging receipt of his claim, and advising him that its policy required him to "apply for Social Security disability benefits within the ninth month of disability, which is before you are eligible to collect LTD benefits." Because more than nine months had already lapsed by the time he received this notification, it appeared to Mr. Holmes that it was already too late, insofar as MetLife was concerned, to apply for Social Security benefits. MetLife also requested that Mr. Holmes provide additional information, beyond that it had already received, in connection with the

initiation of his claim.

**6.** On November 11, 2005, MetLife again wrote to Mr. Holmes, advising him that if the information it had requested in its previous correspondence was not received by November 25, his claim would be "reviewed with previously submitted information." On November 28, MetLife sent Mr. Holmes a letter denying his claim, advising him he had 180 days to appeal the denial.

**7.** Mr. Holmes thereafter retained counsel. In January 2006, his counsel, Robert C. Hubbs, Esq., submitted a claim on Mr. Holmes' behalf to the Social Security Administration for Social Security disability benefits. On February 1, 2006, Mr. Hubbs wrote to MetLife, appealing on Mr. Holmes' behalf the November 2005 denial of LTD benefits. In his February 1 letter, Mr. Hubbs requested that MetLife provide him with "a copy of the applicable insurance policy." On March 1, 2006, Mr. Hubbs provided to MetLife a copy of Mr. Holmes' Social Security disability benefits application, and the Social Security Administration's receipt for same, which indicated receipt on January 23, 2006.

**8.** MetLife never provided to Mr. Hubbs the materials he had requested in his February 1, 2006 letter. Consequently, on April 24, 2006, Mr. Hubbs wrote to Shell, and the same day Shell faxed to him a copy of an excerpt from a booklet entitled "Dimensions," which included the Summary Plan Description for the Plan. This document provided that the only way to qualify for LTD benefits was to demonstrate to MetLife's satisfaction that the claimant was unable to perform the duties of his job with Shell owing to an illness or injury; no mention was made of any alternative means to qualify for LTD benefits.

**9.** On May 31, 2006, MetLife wrote to Mr. Hubbs, affirming on administrative appeal its November 2005 decision to deny LTD benefits to Mr. Holmes. In this letter, however,

_____
COMPLAINT                                    3

1  MetLife advised that there was after all an alternative means to qualify for LTD benefits:
2  approval for benefits "under the Federal Social Security Act." This was the first time Mr.
3  Holmes or anyone acting on his behalf had any awareness that securing approval for Social
4  Security disability benefits would in turn suffice to qualify for benefits under the MetLife policy.

6  **10.**  In July 2006, Shell issued a Summary of Material Modifications (SMM) which
7  described "changes, updates and corrections to your *Dimensions* Summary Plan Descriptions
8  (SPDs) generally effective after January 1, 2005 and through January 1, 2006, unless
9  otherwise noted." With respect to the Plan, the SMM indicated "effective January 1, 2005, the
10 conditions under which a participant may qualify for benefits have been expanded," and went
11 on to provide in pertinent part:

> You may also qualify for LTD benefits if you are approved for disability benefits under the Federal Social Security Act for the same Injury or Sickness for which you are claiming Long Term Disability benefits under the Plan. In addition, you must meet all of the following requirements:
>
> • You submit written notice of a claim for LTD benefits under the Plan during the 52-week waiting period;
> • Your initial claim for Social Security disability benefits is made on or before the expiration of the 52-week waiting period;
> • You are awarded Social Security disability benefits on or before the expiration of 24 consecutive months from the date you completed the 52-week waiting period and you provide MetLife with a copy of the Notice of Award of Social Security disability benefits within such period; and
> • The date of disability indicated in the Notice of Award of Social Security disability benefits is ... your date last worked prior to becoming Disabled.

This provision is referred to herein as the "Social Security Provision."

**11.**  On September 19, 2005, the Social Security Administration issued a Notice of
Award to Mr. Holmes, stating "We found that you became disabled under our rules on January
1, 2005." The basis for the Social Security Administration's decision was that Mr. Holmes was
disabled due to affective mood disorders and anxiety disorders.

**12.**  Mr. Holmes thereafter retained new counsel to advise him respecting the MetLife

_____
COMPLAINT                                           4

LTD claim. On January 18, 2007, his counsel submitted to MetLife a claim for LTD benefits under the Social Security Provision, demonstrating that (1) Mr. Holmes had submitted his LTD claim during the 52-week waiting period; (2) Mr. Holmes was awarded Social Security disability benefits on or before the expiration of 24 months from the time he completed the 52-week waiting period; and (3) he was awarded Social Security disability benefits for the same condition on which his MetLife LTD claim was based, i.e. his affective mood and anxiety disorders. Counsel's letter also asserted that the provision requiring initiation of a Social Security disability claim before the end of the 52-week waiting period was unenforceable as against Mr. Holmes because (1) no one ever gave Mr. Holmes notice of this deadline until well after it had already passed (the first inkling of this deadline did not come until Mr. Hubbs' receipt of MetLife's May 31, 2006 correspondence); and (2) MetLife had in any event waived his compliance with the provision because in that correspondence, with full knowledge of both the date of Mr. Holmes' disability and the date of submission of his Social Security disability claim, MetLife affirmatively invited him to submit a claim under the Social Security Provision.

**13.** Despite many inquiries on the part of Mr. Holmes' counsel, MetLife has never issued any decision on his LTD claim under the Social Security Provision. Pursuant to 29 CFR §§2560.503-1(f)(3) and 2560.503-1(l), therefore, MetLife has failed to provide a reasonable claims procedure that would yield a decision on the merits of Mr. Holmes' claim, and Mr. Holmes is deemed to have exhausted his administrative remedies.

**First Cause of Action
To Recover Benefits Due Under an ERISA Plan
Pursuant to 29 USC §1132(a)(1)(B)
And Attorney Fees and Costs Pursuant to 29 USC §1132(g)**

**14.** Mr. Holmes refers to each and every foregoing paragraph of this complaint and incorporates those paragraphs as though set forth in full in this cause of action.

_____
COMPLAINT                                    5

**15.** As a direct and proximate result of the improper acts and/or omissions herein alleged, Mr. Holmes has had benefits wrongfully withheld from him under the terms of the MetLife policy and the Plan.

**16.** As a direct and proximate result of the improper acts and/or omissions herein alleged, Mr. Holmes has been compelled to incur reasonable attorney fees and other costs associated with the investigation of his claim and the prosecution of this action.

**WHEREFORE,** Mr. Holmes prays for judgment as follows:

**1.** An award of all LTD benefits wrongfully withheld from him, with pre-judgment and post-judgment interest thereon;

**2.** An award of attorney fees and costs of suit as authorized by statute;

**3.** For such other and further relief as the court may deem proper.

Dated: November __, 2007

_____
Richard Johnston
Attorney for Plaintiff
Errol Holmes

_____
COMPLAINT                                6