SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL Bar No. 99802
SHAWN M. WROBEL Bar No. 230030
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
rebecca.hull@sdma.com
shawn.wrobel@sdma.com

Attorneys for Defendant
SHELL LONG TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERROL HOLMES,<br><br>    Plaintiff,<br><br>    v.<br><br>SHELL LONG TERM DISABILITY PLAN,<br><br>    Defendant. | CASE NO. CV 07-5914 JSW<br><br>**DEFENDANT SHELL LONG TERM DISABILITY PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Shell Long Term Disability Plan (the "Plan") responds to Plaintiff Errol Holmes's Complaint on file herein, as follows:

1.  In response to paragraph 1 of the Complaint, Defendant is informed and believe that at certain relevant times, Plaintiff resided in Santa Rosa, California. Defendant denies that it failed or refused to perform any obligations, as alleged in the Complaint. The remaining allegations in paragraph 1 consist of legal conclusions to which no response is required, but to the extent such allegations may be deemed factual in nature, Defendant admits that this action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, et seq., and further admits that this Court has jurisdiction over the action. The remaining allegations of paragraph 1 of the Complaint are denied.

2.  To the extent that paragraph 2 of the Complaint consists of legal conclusions,

Defendant is not required to respond. To the extent that paragraph 2 of the Complaint consists of factual allegations, Defendant admits that at certain relevant times Plaintiff was an employee of Shell Oil Company or of a related entity ("Shell"); that Shell established and maintained the Plan on behalf of certain employees of Shell; that at certain relevant times Plaintiff was a participant in the Plan, which is an employee welfare benefit plan as defined by 29 U.S.C. § 1002(3); that, at relevant times, Metropolitan Life Insurance Company ("MetLife") issued a group policy of long term disability ("LTD") insurance which has funded benefits payable under the Plan to certain eligible participants, subject to all of the the terms and conditions of the Plan; and that MetLife was at relevant times the claim administrator of the Plan. All remaining factual allegations in paragraph 2 of the Complaint are denied.

3.     In response to paragraph 3 of the Complaint, Defendant states that documents submitted by Plaintiff in connection with his claims for Plan benefits indicate that he reported various alleged medical conditions that he claimed rendered him disabled. Defendant denies the allegations in paragraph 3 of the Complaint, and expressly denies that Plaintiff is or at any relevant time was disabled under the terms of the Plan and denies that that Plaintiff is or at relevant time was disabled under the Plan, and/or eligible for any Plan benefits sought in his Complaint.

4.     In response to paragraph 4 of the Complaint, Defendant admits that Plaintiff ceased working for Shell on or about January 1, 2005, that Plaintiff reported that he had stopped working due to an alleged disability, and that Plaintiff submitted a claim for LTD benefits under the Plan in October 2005. Defendant denies the remaining allegations of paragraph 4 of the Complaint and expressly denies that that Plaintiff is or at relevant time was disabled under the Plan, and/or eligible for any Plan benefits sought in his Complaint.

5.     To the extent that paragraph 5 of the Complaint consists of legal conclusions, Defendant is not required to respond. To the extent that paragraph 5 of the Complaint consists of factual allegations, Defendant admits that MetLife sent Plaintiff a letter dated October 12, 2005, in which it acknowledged receipt of Plaintiff's claim, reminded Plaintiff of certain Plan provisions, and requested that Plaintiff provide certain additional information. All remaining

factual allegations of paragraph 5 are denied; Defendant expressly denies that that Plaintiff is or at relevant time was disabled under the Plan, and/or eligible for any Plan benefits sought in his Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, Defendant admits that MetLife received a letter dated February 1, 2006, from Robert C. Hubbs which asked for a copy of "the applicable insurance policy" and which further stated: "Please do not consider this letter and the enclosed documents as our formal appeal." Defendant also admits that MetLife received a letter dated March 1, 2006, from Robert C. Hubbs and that attached to that letter was documentation from the Social Security Administration indicating that Plaintiff's application for Social Security disability benefits was completed on January 23, 2006. Defendant has no information from which to form a belief as to the details of Plaintiff's retention of legal counsel, and on that basis all remaining allegations in paragraph 7 of the Complaint are denied.

8. In response to paragraph 8 of the Complaint, Defendant states that Plaintiff was provided by MetLife with information from which to obtain Plan documents, and Defendant is informed and believes that Plaintiff did so, including obtaining documentation regarding the Plan's summary plan description, the terms of which speak for itself. Except as stated, the allegations in paragraph 8 of the Complaint are denied.

9. In response to paragraph 9 of the Complaint, Defendant admits that MetLife sent Robert C. Hubbs a letter dated May 31, 2006, informing him that MetLife has completed its ongoing review of Plaintiff's claim for Plan benefits, and that the claim was denied. Defendant admits that this letter included a discussion of the definition of "Disability" or "Disabled" under the Plan, but denies that paragraph 9 fully and accurately summarizes the contents of the May 31 letter, which speak for themselves. Defendant has no information from which to form a belief as to the remaining allegations of paragraph 9, and on that basis all remaining factual allegations in paragraph 9 of the Complaint are denied.

10. In response to paragraph 10 of the Complaint, Defendant states that from time to time the Plan and the Plan's administrator have issued plan documents including material

modifications, the terms of which speak for themselves; Defendant denies that the allegations of paragraph 10 fully and accurately set forth the applicable Plan provisions. Except as stated, the allegations of paragraph 10 of the Complaint are denied.

11. In response to paragraph 11 of the Complaint, Defendant admits that Plaintiff provided a copy of a document apparently issued by the Social Security Administration ("SSA") that stated that the SSA accepted Plaintiff's claim that he was disabled, as that term is defined under SSA rules, as of January 1, 2005. Defendant has no information from which to form a belief, as to the remaining allegations of paragraph 11 and on that basis all remaining factual allegations in paragraph 11 of the Complaint are denied.

12. In response to paragraph 12 of the Complaint, Defendant admits that Plaintiff informed MetLife that he had retained new counsel, and that MetLife received a letter from Richard Johnston dated January 18, 2007, the contents of which speak for themselves and set forth various arguments regarding Plaintiff's claim for LTD benefits, but Defendant denies the accuracy of such arguments. Except as stated herein, all allegations of paragraph 12 are denied, and Defendant expressly denies the implied factual assertions underlying the arguments made in paragraph 12.

13. To the extent that paragraph 13 of the Complaint consists of legal conclusions, Defendant is not required to respond. To the extent that paragraph 13 of the Complaint consists of factual allegations, MetLife denies the allegations of paragraph 13.

14. In response to paragraph 14 of the Complaint, Defendant incorporates herein by reference, as though set forth in full, paragraphs 1 through 13 above, inclusive, above.

15. To the extent that paragraph 15 of the Complaint consists of legal conclusions, Defendant is not required to respond. To the extent that paragraph 15 of the Complaint consists of factual allegations, Defendant denies all such allegations.

16. To the extent that paragraph 16 of the Complaint consists of legal conclusions, Defendant is not required to respond. To the extent that paragraph 16 of the Complaint consists of factual allegations, Defendant denies all such allegations and expressly denies that Plaintiff has any factual or legal basis for recovering attorney fees or costs in this action.

17. In response to Plaintiff's prayer for relief, Defendant expressly denies that Plaintiff is or may be entitled to attorney fees, costs, Plan benefits, or any other form of relief, or to any other remedy of any type or kind, or in any amount or amounts, with regard to any matters set forth in the Complaint. Defendant further expressly denies that there is any factual or legal basis on which any dispute between Plaintiff and Defendant could or should be resolved in favor of Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which attorney fees can be awarded.

### FOURTH AFFIRMATIVE DEFENSE

Each action of the Plan and of its fiduciaries, delegates and agents with respect to the matters alleged in the Complaint, if any such action was taken, was at all times done in good faith and for proper reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that any decisions made by the Plan or by others on behalf of the Plan were not arbitrary or capricious, but rather were reasonable in light of the evidence submitted by Plaintiff and the complete administrative record, and were reasonably based on the facts as determined and understood by them and on the terms and conditions of the applicable Plan documents and the applicable law.

### NINTH AFFIRMATIVE DEFENSE

All of the actions of the Plan, and of those persons and entities who acted on behalf of the Plan with regard to any matter as alleged in the Complaint, if any, were permitted and/or were required by the applicable law and the terms of the Plan documents.

### TENTH AFFIRMATIVE DEFENSE

All determinations made by the Plan or by others on behalf of the Plan with respect to Plaintiff's claims were made in the interest of all the Plan's participants and beneficiaries as a whole, and in accordance with the terms and conditions of the applicable Plan documents and applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

None of the claims being pursued in the Complaint is payable under the terms and conditions of the applicable Plan documents and instruments.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with each and all of the terms and conditions of the applicable Plan documents and instruments, and for that reason the claims attempted to be stated in the Complaint are not payable.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any payment of benefits, which Defendant denies, such payment must be reduced and offset by any other income, benefits or set-offs as defined in the applicable Plan documents and instruments, that were or may be payable to him.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is barred in whole or in part due to his own delay or failure to disclose or provide information pertaining to the allegations in her Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may be found by the Court to be entitled to any benefits at this time, the possibility of which Defendant expressly denies, such immediate entitlement would not entitle Plaintiff to unlimited future benefits given, *inter alia*, the possibility that he may recover in the future from any disabling conditions, the existence of which is denied, as well as the effect



of other Plan requirements, exclusions and/or limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff may be found to be entitled to recover any benefits, the possibility of which Defendant expressly denies, any such benefits will be limited pursuant to the terms and conditions of the Plan documents.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff had failed to set out his claims with sufficient particularity to permit Defendant to raise all potentially appropriate defenses, and Defendant therefore reserves the right to add further defenses as the bases for Plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing by way of his Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded its costs of suit incurred in this action;
4. That Defendant be awarded its attorney's fees incurred in this action under 29 U.S.C. § 1132; and
5. For such other and further relief as the Court deems just and proper.

DATED: February 27, 2008            SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:/s/ Shawn M. Wrobel
   Rebecca A. Hull
   Shawn M. Wrobel
   Attorneys for Defendant
   SHELL LONG TERM DISAIBLITY PLAN