Richard Johnston – SBN 124524
131-A Stony Circle, Suite 500
Santa Rosa, California 95401
Telephone (707) 577-7422
Facsimile (707) 837-9532

Attorney for Plaintiff
ERROL HOLMES

SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
SHAWN M. WROBEL Bar No. 230030
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
rebecca.hull@sdma.com
shawn.wrobel@sdma.com

Attorneys for Defendant
SHELL LONG TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERROL HOLMES,<br><br>    Plaintiff,<br><br>v.<br><br>SHELL LONG TERM DISABILITY PLAN,<br><br>    Defendant. | CASE NO. CV 07-5914 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Case Management**<br>**Conference:**  March 14, 2008<br>**Time:**             1:30 p.m.<br>**Courtroom:**    2, 17th Floor<br><br>Hon. Jeffrey S. White |

    The parties hereto, pursuant to Local Rule 16-9 and the Court's Order Granting Continuance of Initial Case Management Conference (signed February 26, 2008) and Minute Order to Reset the Case Management Conference (filed February 26, 2008) submit this Joint Case Management Conference Statement.

    **(1) Jurisdiction and Service.**

This is an action for disability benefits under the Employee Retirement Income Security Act (ERISA), 29 USC §1001 et. seq. This court has subject matter jurisdiction pursuant to 29 USC §1132(e) and 28 USC §1367(a). There are no existing issues respecting personal jurisdiction or venue. All parties have been served and have appeared.

**(2) Facts.**

### (a) Plaintiff's Position

Plaintiff Errol Holmes, as an employee of Shell Oil Company, was a participant in defendant Shell Long Term Disability Plan, which was fully insured by a group long term disability insurance policy issued and administered by Metropolitan Life Insurance Company (MetLife). One means by which a claimant could qualify for benefits under the MetLife policy was to demonstrate that he had been approved for Social Security disability insurance (SSDI) benefits. Mr. Holmes has qualified for SSDI benefits and has satisfied all other conditions under the MetLife policy save one: that he filed for SSDI benefits within 52 weeks of the onset of his disability (he filed his SSDI claim approximately three weeks after the 52-week period had lapsed). The 52-week deadline, however, was not made known to Mr. Holmes or his counsel until some six months after the 52-week period had lapsed. Moreover, with full knowledge of both the date of his disability and the date of submission of his SSDI claim, MetLife affirmatively invited him to apply for benefits under the SSDI provisions in the MetLife policy. Mr. Holmes submitted a claim for LTD benefits to MetLife, asserting compliance with the 52-week deadline should be excused under the circumstances. MetLife never issued a decision on his claim.

### (b) Defendant's Position

Plaintiff was an employee of Shell Oil Company ("Shell"). He was a participant in the Shell Long Term Disability Plan (the "Plan"). Metropolitan Life Insurance Company ("MetLife") issued a group policy of insurance which funded benefits payable under the Plan to certain eligible participants and beneficiaries, subject to all the terms and conditions of all of the Plan documents. MetLife is the claim administrator with respect to the Plan.

In October 2005, Plaintiff submitted a claim for benefits pursuant to the Plan alleging

various mental health conditions that he claimed rendered him disabled. MetLife, as claim administrator, requested additional documentation from Plaintiff. When such information was not received, MetLife denied Plaintiff's claim in November 2005.

Plaintiff then submitted additional medical information, which MetLife considered. In May 2006, MetLife informed Plaintiff, and his then-counsel, that it had completed the ongoing review of his claim for LTD benefits, and that his claim was denied because there was no current medical evidence from his current medical providers showing a significant impairment precluding him from performing his occupation. At that time, MetLife informed Plaintiff that he could appeal the determination within 180 days.

In August 2006, Plaintiff's new attorney requested additional information, which was provided, but did not submit a written request for an appeal. After expiration of the appeal period, Plaintiff sporadically contacted MetLife, but never requested an extension of the appeal period.

**(3) Legal Issues.**

**(a) Plaintiff's Position**

Mr. Holmes expects this case to resolve based on a discreet legal issue: whether the 52-week SSDI deadline in the MetLife policy is enforceable against him under the circumstances of this case. Mr. Holmes maintains that, because the deadline was not made known to him until it had already assertedly lapsed, and because of representations and conduct of MetLife, estoppel and/or waiver apply and renders the deadline unenforceable. Mr. Holmes also maintains that the deadline is unenforceable inasmuch as neither the Plan nor MetLife has incurred any prejudice as a function of the timing of Mr. Holmes' SSDI claim.

**(b) Defendant's Position**

Defendant understands that that there may likely be legal disputes concerning the determination and application of the standard of review to be applied by the Court regarding the decisions made as to Plaintiff's claim and appeal. Defendant contends that issue is whether denial of benefits was an abuse of discretion, applying the analysis set forth in *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (*en banc*). Defendant also contends that

1  under *Abatie*, evidence outside the administrative record may not be considered in determining
2  the merits of Plaintiff's claim. Thus, any other legal issues are irrelevant, as they would involve
3  submission and consideration of evidence outside the administrative record. Additionally, the 52
4  week deadline to apply for SSDI was made knows to all eligible employees.

**(4) Motions.**

There are no prior or pending motions.

The parties anticipate this matter will be resolved via cross-motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, or alternatively via cross-motions for judgment pursuant to Rule 52.

**(5) Amendments of Pleadings.**

The parties do not anticipate adding or dismissing any parties, claims, or defenses, or to otherwise amend the pleadings absent some change in controlling law.

**(6) Evidence Preservation.**

**(a) Plaintiff's Position**

Mr. Holmes has not destroyed any evidence in his possession or control relevant to the issues reasonably evident in this action. As an individual plaintiff, he has no document-destruction program or other ongoing systematic erasures of e-mails, voice mails, and the like.

**(b) Defendant's Position**

Defendant has preserved the contents of the administrative record of Plaintiff's claims for benefits under the Plan as of the point when Defendant became aware that there was a suit about such claims.

**(7) Disclosures.**

The parties have committed to full disclosure on or before the date of the Case Management Conference.

**(a) Plaintiff's Position**

Mr. Holmes will provide initial disclosures to defense counsel prior to the Case Management Conference.

**(b) Defendant's Position**



1    Defendant asserts that Rule 26(a)(1)(E)(i) of the Federal Rules of Civil Procedure
2 explicitly exempts actions for review on an administrative record from initial disclosures.
3 However, in order to avoid unnecessary delay and expense, and without waiving the applicability
4 of Fed. R. Civ. P. 26(a)(1)(E)(i) to the instant case, which will be decided on the administrative
5 record, Defendant has agreed to make initial disclosures.

**(8) Discovery.**

No discovery has been taken to date.

**(a) Plaintiff's Position**

Mr. Holmes maintains that discovery is appropriate and should be allowed into a variety of issues which bear on the question of the proper application of the judicial standard of review as established by *Abatie v. Alta Health & Life* Ins. Co., 458 F.3d 955 (9th Cir. 2006) (*en banc*) and kindred authorities. Mr. Holmes intends to provide a description of anticipated discovery to defense counsel in advance of the Case Management Conference, and has agreed to meet and confer in good faith, but anticipates there may be a need for judicial resolution of discovery issues on which agreement is not likely to be achieved.

**(b) Defendant's Position**

Broad, open-ended discovery is not appropriate in ERISA matters. When, as here, the Plan extends discretionary authority to the claim administrator, the decision in issue is reviewed for abuse of discretion on the basis of the administrative record. If an administrative claims decision is reasonable in light of the record, courts will find no abuse of discretion. *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 875 (9th Cir. 2004). Unless Plaintiff is able to show that the denial of his claim was unreasonable in light of the administrative record, discovery would merely drag out the litigation in defiance of ERISA's goal of inexpensive and expeditious dispute resolution, while providing no helpful information. *Abatie*, which has defined this Circuit's law on conflict of interest, is not to the contrary – indeed, it does not discuss discovery at all. Unless or until Plaintiff can demonstrate that he seeks discovery that is relevant to bias on MetLife's part, no discovery should be permitted – and if any discovery is to be permitted, it should be carefully tailored so that it will not be expensive and

burdensome.

In no event should the Court authorize discovery as to the merits of Plaintiff's claim. Abuse of discretion review of the merits of a decision is limited to facts set forth in the administrative record. *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1470 (9th Cir. 1993). Thus, no discovery would be appropriate on the subject of the claim handling process, because Plaintiff's own claim either was, or was not, properly decided under the Plan. Any attempt to obtain discovery into the mental processes of the persons who analyzed the claim, still less any attempt to obtain discovery about claims of others, sheds no light on that issue, but merely distracts from the issue actually presented. *See Semien v. Life Ins. Co. of North America*, 436 F.3d 805 (7th Cir. 2006). As a matter of public policy, the *Taft* court observed that permitting a court to examine evidence outside the administrative record potentially would open the door to the anomalous conclusion that a fiduciary had abused its discretion by failing to consider evidence that was not before it. *Id.* at 1472. The *Taft* court explained that permitting introduction of evidence outside the administrative record is inconsistent with the primary goal of ERISA, which is to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. *Id.*

The Ninth Circuit affirmed its *Taft* holding in *McKenzie v. General Tel. Co.*, 41 F.3d 1310, 1314 (9th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995). As in *Taft*, the Ninth Circuit held that a court may not consider "new evidence," which was not part of the administrative record, in deciding the merits of the claim. The court also held that under the abuse of discretion standard, a court may review only evidence which was before the fiduciary making the decision. *Id.* at 1316. The Ninth Circuit in *McKenzie* thus found that the trial court erred in relying on evidence never presented to the claim fiduciary, which was not in the administrative record but had been submitted directly to the court. *Id.*; *see also Alford v. DCH Found. Group Long-Term Disability Plan*, 311 F.3d 955, 959 (9th Cir. 2002) (documents that were neither "presented to" nor "considered by" fiduciary in reaching its decision not included in record in district court, where the review is for abuse of discretion).

In short, if any discovery is to be permitted – which MetLife disputes – it should be narrowly tailored to the issue of conflict, and should not extend to merits-related questions such

1  as the bases or reasons for the claim decision.

2  **(9) Class Actions.**

3  Not applicable.

4  **(10) Related Cases.**

5  There are no related cases or proceedings pending before another judge of the court or
6  before another court or administrative body.

7  **(11) Relief.**

8  **(a) Plaintiff's Position**

9  Mr. Holmes seeks recovery of disability benefits pursuant to 29 USC §1132(a)(1)(B).
10 Based on currently available information he approximates the benefits in question at $34,000.
11 He also seeks pre- and post-judgment interest, and reasonable attorney fees pursuant to 29 USC
12 §1132(g).

13 **(b) Defendant's Position**

14 Defendant disputes that Plaintiff is entitled to any relief. Should the Court determine that
15 benefits are owed under the Plan, the claim should be remanded to the claim administrator for
16 calculation of such benefits, including any applicable offsets. Defendant reserves the right to
17 seek its attorneys' fees and costs in defending this action under 29 U.S.C. § 1132(g).

18 **(12) Settlement and ADR.**

19 The parties believe settlement discussions could be productive. The Court's ADR
20 program for mediation is an acceptable approach to both parties.

21 **(13) Consent to Magistrate Judge for All Purposes.**

22 The parties do not consent to have a magistrate judge conduct all further proceedings.

23 **(14) Other References.**

24 The parties do not consider this matter to be suitable for reference to binding arbitration, a
25 special master, or the Judicial Panel on Multidistrict Litigation.

26 **(15) Narrowing of Issues.**

27 **(a) Plaintiff's Position**

28 As indicated above Mr. Holmes believes there is only one material legal issue: the

enforceability of the MetLife policy's 52-week SSDI deadline. He does not anticipate any other factual or legal disputes.

**(b) Defendant's Position**

Plaintiff seeks to narrow the issues of this case to a determination of the validity of the Plan's requirement that a claimant must apply for Social Security benefits within his or her ninth month of disability, and the modification of the Plan to allow a claimant to qualify for LTD benefits if he or she is approved for disability benefits under the Social Security Act as long as he or she applies within the 52-week deadline. Defendant does not believe that these issues relating to Social Security can be severed from the overall issue of whether or not MetLife abused its discretion when it denied Plaintiff's claim for LTD benefits.

**(16) Expedited Schedule.**

**(a) Plaintiff's Position**

Because he believes the outcome of a discreet and focused legal issue will resolve the case, Mr. Holmes believes this case could be resolved expediently by scheduling sufficient time for a round of discovery, followed promptly by submission of dispositive motions by the parties.

**(b) Defendant's Position**

Defendant does not believe the case could be practicably expedited beyond the typical time frame for resolution of cases involving disputed entitlement to ERISA benefits.

**(17) Scheduling.**

**(a) Plaintiff's Position**

Mr. Holmes proposes that the court set a discovery cutoff of May 15, 2008, and require that dispositive motions be filed no later than June 13.

**(b) Defendant's Position**

Since discovery would not be appropriate for the reasons discussed above, there is no need to set a discovery cut-off date. Defendant requests a dispositive motion hearing date of August 25, 2008. If the matter is not resolved on summary judgment, then Defendant proposes a trial date of December 8, 2008, but does not believe that a pretrial conference is necessary.

**(18) Trial.**

The parties anticipate a bench trial, or cross-motions for summary judgment, the hearing for which should be completed within one day.

**(19) Disclosure of Non-party Interested Entities or Persons.**

The parties have complied with Civil Local Rule 3-16.

    **(a) Plaintiff's Position**

Mr. Holmes is not aware of any other non-party interested entity or person.

    **(b) Defendant's Position**

Defendant identifies the following persons, associations of persons, firms, partnerships, corporations (including parent corporations or other entities) (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Metropolitan Life Insurance Company; Wells Fargo & Company Long Term Disability Plan; Wells Fargo & Company Short Term Disability Plan; Wells Fargo & Company.

**(20) Other matters.**

The parties are presently unaware of any other matters as may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: March 7, 2008    SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Richard Johnston (as authorized 3/07/08)
    Richard Johnston, Esq.
    Attorney for Plaintiff
    ERROL HOLMES

DATED: March 7, 2008    SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/ Shawn M. Wrobel
    Rebecca A. Hull
    Shawn M. Wrobel
    Attorneys for Defendant
    SHELL LONG TERM DISABILITY PLAN